**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DENNIS VAN JENKINS                                                                                    PETITIONER
ADC #108972

v.                                              4:18cv00103-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

On May 31, 2001, a jury in the Pulaski County Circuit Court convicted Petitioner Dennis Van Jenkins of first degree murder, aggravated robbery, and theft of property. (Doc. No. 6-1.) The court imposed a judgment of life in prison in the Arkansas Department of Correction. (*Id*.) Mr. Jenkins appealed the conviction to the Arkansas Supreme Court, and the judgment was affirmed on October 3, 2002. *Jenkins v. State*, 350 Ark. 219 (2002). In affirming the conviction, the court recited the facts of the case as follows:

> The circumstances leading up to this case took place on December 11, 1999. On that day, Appellant was riding around the Little Rock area with Alvin Pugh, Chemer Beene, and Anthony Hawkins when the Cadillac they were in had a flat tire. The group pulled into a car wash on Wright Avenue in order to repair the flat. According to Appellant, after repairing the flat tire, they were unable to start the car. At that time, Kelin Rudley attempted to assist the group by jumping their battery. While trying to jump the battery, Mr. Rudley was shot in the neck by Appellant. While the circumstances leading up to the shooting are in dispute, the fact that Appellant shot Mr. Rudley was undisputed. It is also undisputed that the group fled in the 1998 Toyota Tacoma truck Mr. Rudley had been driving. Mr. Rudley subsequently died as a result of the gunshot wound.
>
> The following day, police discovered the Toyota truck in front of a trailer on Chicot Road where Pugh lived. Pugh advised police where to look for clothes that were missing from the truck. Police subsequently searched the intersection of Oxford

>Valley and Churchill Drive where the items of clothing were found. Pugh also told police that Appellant was the one who drove the truck away from the scene of the crime.
>
>Police located Appellant on December 13, and asked him if he could come to the police station to answer a few questions. Appellant complied and eventually gave police a statement admitting to shooting Mr. Rudley, but claiming that he did so in self-defense. Specifically, Appellant claimed that Rudley was mouthing off and acting funny. Appellant said he only shot Mr. Rudley after he "flinched" at him.
>
>Appellant was arrested and charged with capital felony murder, aggravated robbery, and theft of property.

*Jenkins v. State*, 350 Ark. 219, 222 (2002).

On November 22, 2002, Mr. Jenkins filed for Rule 37 relief in the Pulaski County Circuit Court.  *Jenkins v. State*, 2004 WL 1354408 (Ark. S. Ct., June 17, 2004).  The court denied relief and the Arkansas Supreme Court affirmed.  *Id*.  On January 10, 2017, Mr. Jenkins filed a petition to correct an illegal sentence in the trial court.  (Doc. No. 6-2.)  His petition was dismissed and his appeal to the Arkansas Supreme Court was unsuccessful.  (Doc. No. 2 at 6-9.)

Now, Mr. Jenkins, an inmate at the Varner Unit of the Arkansas Department of Correction, seeks relief from this Court through the filing of a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  (Doc. No. 2.)  After careful consideration of the Petition and Response, for the following reasons, I recommend the Petition be dismissed.

## II.   ANALYSIS

Mr. Jenkin's Petition (Doc. No. 2) is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

>(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Jenkins, time began to run on June 17, 2004 – the date the Arkansas Supreme Court denied him Rule 27 appellate relief. *Jenkins v. State*, 2004 WL 1354408 (Ark. June 17, 2004). Although he filed a petition to correct an illegal sentence in 2017, such a filing would not serve as a way to resurrect an untimely federal habeas claim. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[B]y the time Painter filed his state-court application on November 11, 1997, there was no federal limitations period remaining to toll, and the [federal habeas corpus] petition was properly dismissed as time-barred."). Mr. Jenkins's Petition for Writ of Habeas Corpus is more than thirteen years late and he makes no argument for equitable tolling. Therefore, I find the Petition is time-barred and should be dismissed.

Furthermore, the Petition is completely meritless. Pursuant to the AEDPA, federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). Under the AEDPA, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here.

Mr. Jenkins contends double jeopardy was violated when he was sentenced on both a charged felony and an underlying felony, citing to *Rowe v. State*, 275 Ark. 37 (1982). However, the Arkansas Supreme Court addressed this issue in their 2017 opinion on Mr. Jenkins's petition to correct an illegal sentence, saying:

> Double-jeopardy claims are claims that can be raised at trial and for the first time in a postconviction petition filed pursuant to Arkansas Rule of Criminal Procedure 37.1. *See State v. Montague*, 341 Ark. 144, 146, 14 S.W.3d 867, 868 (2000) (explaining that double-jeopardy claims must be raised at trial and are not treated as an issue of subject-matter jurisdiction that can be raised for the first time on direct appeal); *see also Rowbottom v. State*, 341 Ark. 33, 36, 13 S.W.3d 904, 906 (2000) (holding that double-jeopardy claims are fundamental claims that can be raised for the first time in petitions for postconviction relief pursuant to Rule 37.1). Therefore, Jenkins raised a claim challenging the legality of the imposition of his sentence that is cognizable under Rule 37.1 and subject to the time limitations set forth in Rule 37.2.
>
> Moreover, the sentences imposed in Jenkins's case did not violate the prohibition against double jeopardy and his reliance on *Rowe*, 275 Ark. 37, 627 S.W.2d 16, was unavailing. While the imposition of multiple sentences in *Rowe* was once prohibited by law, the law was changed. *Clark v. State*, 373 Ark. 161, 164, 282 S.W.3d 801, 803–04 (2008) (citing Arkansas Code Annotated section 5–1–110(d)(1) (Repl. 1997)). Indeed, the relevant code section 5–1–110(d)(1)(B) stated, in pertinent part, as follows: "Notwithstanding any provision of law to the contrary, separate convictions and sentences are authorized for: Murder in the First Degree, § 5–10–102, and any felonies utilized as underlying felonies for the murder [.]"
>
> Jenkins was found guilty of first-degree murder in furtherance of the crime of aggravated robbery and theft of property, namely, stealing the victim's truck. *See Jenkins*, 350 Ark. at 227, 85 S.W.3d at 882. Jenkins's sentences of life imprisonment, thirty years' imprisonment, and ten years' imprisonment, respectively, with the ten-year and thirty-year sentences to run concurrently, but consecutively to the life-imprisonment sentence, were within the maximum sentences allowed by law. *Id.* at 221, 85 S.W.3d at 879. The trial court did not clearly err when it denied Jenkins's petition to correct an illegal sentence as an untimely petition under Rule 37.2.

*Jenkins v. State*, 2017 Ark. 288, 2–4 (2017). This is not contrary to or an unreasonable application of federal law, so this claim should be denied.

Mr. Jenkins also argues there was insufficient evidence for his conviction, stating "the evidence from the investigation on the shooting of Mr. Rudley was never proved or shown on Mr. Dennis Van Jenkins shooting Mr. Rudley or committing the first degree murder." (Doc. No. 2 at 3.)  The AEDPA requires I presume any determinations of fact by the State court to be true and the burden of rebutting that evidence rests with the Petitioner.  *See* 28 U.S.C. § 2254(e)(1).  However, Mr. Jenkins only offers mere conclusory statements about the underlying facts of the conviction rather than any evidence showing clear and convincing error.  (*Id*.)  The Petition is devoid of any factual basis to corroborate Mr. Jenkins's claims.  Accordingly, Mr. Jenkins's Petition for Writ of Habeas Corpus should be DISMISSED.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted."  *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is time-barred. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 17th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE